EXHIBIT "A"

Ave

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** QUEENS
-----------------------------------------------------------------X
KRYSTAL AUSTIN AND DEVERELL
ANTHONY AUSTIN,

                    Plaintiff/Petitioner,

      - against -                          Index No. 700948/2021

NATIONAL FREIGHT, INC. AND CALEB
ROMANOWSKI,

                     Defendant/Respondent.
-----------------------------------------------------------------X

**NOTICE OF ELECTRONIC FILING**
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
**You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

**If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

    ● serving and filing your documents electronically

    ● free access to view and print your e-filed documents

    ● limiting your number of trips to the courthouse

    ● paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: 01/14/2021

| | |
|---|---|
| ADILYA GAMBONE, ESQ. | 9131 KINGS BLVD, SUITE 318 |
| Name | |
| GAMBONE LAW GROUP, PLLC | ELMHURST, NY 11373 |
| Firm Name | Address |
| | (718) 650-5111 |
| | Phone |
| | AGAMBONE@GAMBONELAWGROUP.COM |
| | E-Mail |

To: _____

2/24/20

Index #            Page 2 of 2            EFM-1

SUPREME COURT OF THE STATE OF NEW
YORK COUNTY OF QUEENS
-------------------------------------------------------------------X
KRYSTAL AUSTIN and DEVERELL ANTHONY
AUSTIN,

                      Plaintiff (s),

-against-

NATIONAL FREIGHT, INC. and CALEB
ROMANOWSKI,

                      Defendant (s),
-------------------------------------------------------------------X

**SUMMONS AND COMPLAINT**

Index No. 700948/2021

Plaintiff(s) designates
QUEENS County
as the place of trial

The basis of venue is
The Location of accrual
Of the cause of action
County of Queens
State of New York

To the above named Defendant(s)

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: January 14, 2021

BY: ADILYA GAMBONE, ESQ.
This SUMMONS AND COMPLAINT
and the papers on which it is based, are
certified pursuant to Section 130-1.1-a
of the rules of the Chief Administrator
(22NYCRR)
Attorney(s) for Plaintiff(s)
Office and Post Office Address
9131 KINGS Blvd, Suite 318
Elmhurst, NY 11373
T: (718) 650-5111

Notice: The object of this action is to recover for personal injury
        due to defendant(s) negligence

        The relief sought is Monetary Damages

Upon your failure to appear, judgment will be taken against you by default with interest from September 8, 2020 and the costs of this action.

DEFENDANT(S) ADDRESS(ES)

NATIONAL FREIGHT, INC.
C/O CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NEW YORK, 12207-2543

CALEB ROMANOWSKI
50 North Landon Avenue
Kingston, PA 18704

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------X
KRYSTAL AUSTIN and DEVERELL ANTHONY AUSTIN,

                  Plaintiff (s),

-against-

NATIONAL FREIGHT, INC. and CALEB ROMANOWSKI,

                  Defendant (s),
-----------------------------------------------------------X

VERIFIED COMPLAINT

Index #:

Plaintiff(s), complaining of the defendants by her attorney upon information and belief, respectfully allege(s):

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF KRYSTAL AUSTIN

1. That at all the times herein mentioned, the Plaintiff, KRYSTAL AUSTIN, was and still is a resident of the County of QUEENS, the State of New York.

2. That at all the times herein mentioned, the Plaintiff, KRYSTAL AUSTIN, was and still is a resident of the County of QUEENS, the State of New York.

3. That at all the times herein mentioned, the Defendant, CALEB ROMANOWSKI, was and still is a resident of the County of Luzerne, the State of Pennsylvania.

4. That at all times hereinafter alleged, and upon information and belief, the Defendant NATIONAL FREIGHT, INC., was and still is a domestic corporation organized and existing under and by virtue of the laws of New York.

5. That at all times hereinafter alleged, and upon information and belief, the Defendant NATIONAL FREIGHT, INC., was and still is a domestic business corporation organized and

existing under and by virtue of the laws of New York.

6. That at all times hereinafter alleged, and upon information and belief, the Defendant NATIONAL FREIGHT, INC., was and still is a domestic limited liability company organized and existing under and by virtue of the laws of New York.

7. That at all of the time hereinafter mentioned, and upon information and belief, Defendant NATIONAL FREIGHT, INC., was a foreign corporation authorized to do business under and by virtue of the laws of the State of New York.

8. That at all times hereinafter alleged, and upon information and belief, the Defendant NATIONAL FREIGHT, INC., was and still is a foreign company authorized to do business under and by virtue of laws and of the State of New York.

9. That at all times hereinafter alleged, and upon information and belief, the Defendant NATIONAL FREIGHT, INC., was and still is a foreign limited liability authorized to do business under and by virtue of laws and of the State of New York.

10. That at all times hereinafter alleged, and upon information and belief, the Defendant NATIONAL FREIGHT, INC., maintained a principal place of business in the County of Queens, State of New York.

11. That at all times hereinafter alleged, and upon information and belief, the Defendant NATIONAL FREIGHT, INC., conducted and carried on business in the County of Queens, and the State of New York.

12. That at all times hereinafter alleged, and upon information and belief, the Defendant NATIONAL FREIGHT, INC., conducted and carried on business in the State of New York.

13. That at all the times hereinafter alleged, and upon information and belief, the defendant, NATIONAL FREIGHT, INC., transacted business within the County of Queens, State of New

York.

14. That at all the times hereinafter alleged, and upon information and belief, the defendant, That at all times hereinafter mentioned, defendant, KRYSTAL AUSTIN, operated the aforesaid motor vehicle bearing New York State registration number PC152655.

15. That at all times mentioned, defendant, NATIONAL FREIGHT, INC., was the owner of a motor vehicle bearing Indiana State registration number T499908.

16. That at all times hereinafter alleged, and upon information and belief, the Defendant, NATIONAL FREIGHT, INC., was the titled owner of a motor vehicle bearing Indiana State registration number T499908.

17. That at all times hereinafter alleged, and upon information and belief, the Defendant, NATIONAL FREIGHT, INC., was the registered owner of a motor vehicle bearing Indiana State registration number T499908.

18. That at all times hereinafter alleged, and upon information and belief, the Defendant, NATIONAL FREIGHT, INC., was the lessee of a motor vehicle bearing Indiana State registration number T499908.

19. That at all times hereinafter alleged, and upon information and belief, the Defendant, NATIONAL FREIGHT, INC., was the lessor of a motor vehicle bearing Indiana State registration number T499908.

20. That at all times hereinafter alleged, and upon information and belief, the Defendant, NATIONAL FREIGHT, INC., was the renter of a motor vehicle bearing Indiana State registration number T499908.

21. That at all times mentioned, defendant, CALEB ROMANOWSKI, was the owner of a motor vehicle bearing Indiana State registration number T499908.

22. That at all times hereinafter alleged, and upon information and belief, the Defendant, CALEB ROMANOWSKI, was the titled owner of a motor vehicle bearing Indiana State registration number T499908.

23. That at all times hereinafter alleged, and upon information and belief, the Defendant, CALEB ROMANOWSKI, was the registered owner of a motor vehicle bearing Indiana State registration number T499908.

24. That at all times hereinafter alleged, and upon information and belief, the Defendant, CALEB ROMANOWSKI, was the lessee of a motor vehicle bearing Indiana State registration number T499908.

25. That at all times hereinafter alleged, and upon information and belief, the Defendant, CALEB ROMANOWSKI, was the lessor of a motor vehicle bearing Indiana State registration number T499908.

26. That at all times hereinafter alleged, and upon information and belief, the Defendant, CALEB ROMANOWSKI, was the renter of a motor vehicle bearing Indiana State registration number T499908.

27. That at all times hereinafter mentioned, defendant, NATIONAL FREIGHT, INC., maintained the aforesaid motor vehicle bearing Indiana State registration number T499908.

28. That at all times hereinafter mentioned, defendant, NATIONAL FREIGHT, INC., managed the aforesaid motor vehicle bearing Indiana State registration number T499908.

29. That at all times hereinafter mentioned, defendant, NATIONAL FREIGHT, INC., controlled the aforesaid motor vehicle bearing Indiana State registration number T499908.

30. That at all times hereinafter mentioned, defendant, NATIONAL FREIGHT, INC., operated the aforesaid motor vehicle bearing Indiana State registration number T499908.

31. That at all times hereinafter mentioned, defendant, CALEB ROMANOWSKI, maintained the aforesaid motor vehicle bearing Indiana State registration number T499908.

32. That at all times hereinafter mentioned, defendant, CALEB ROMANOWSKI, managed the aforesaid motor vehicle bearing Indiana State registration number T499908.

33. That at all times hereinafter mentioned, defendant, CALEB ROMANOWSKI, controlled the aforesaid motor vehicle bearing Indiana State registration number T499908.

34. That at all times hereinafter mentioned, defendant, CALEB ROMANOWSKI, operated the aforesaid motor vehicle bearing Indiana State registration number T499908.

35. That at all times hereinafter alleged, and upon information and belief, the Defendant CALEB ROMANOWSKI, operated a motor vehicle bearing New York Registration number 21752MA with knowledge, permission and consent of Defendant NATIONAL FREIGHT, INC.

36. That at all times hereinafter alleged, and upon information and belief, the Defendant CALEB ROMANOWSKI, maintained a motor vehicle bearing New York Registration number 21752MA with knowledge, permission and consent of the defendant NATIONAL FREIGHT, INC.

37. That at all times hereinafter alleged, and upon information and belief, the Defendant CALEB ROMANOWSKI, managed a motor vehicle bearing New York Registration number 21752MA with knowledge, permission and consent of the defendant NATIONAL FREIGHT, INC.

38. That at all times hereinafter alleged, and upon information and belief, the Defendant CALEB ROMANOWSKI, controlled a motor vehicle bearing New York Registration number 21752MA with knowledge, permission and consent of the defendant NATIONAL FREIGHT, INC.

39. That at all times hereinafter alleged, and upon information and belief, the defendant, CALEB ROMANOWSKI, operated motor vehicle bearing New York Registration number 21752MA within the scope of his employment of defendant NATIONAL FREIGHT, INC.

40. That at all times hereinafter mentioned, Plaintiff KRYSTAL AUSTIN operated the aforesaid motor vehicle bearing Delaware registration number PC152655

41. At all times hereinafter mentioned, Rockaway Blvd at or near its intersection with 167 Street in the County of Queens, State of New York, was and still is a public highway used extensively by the public general.

42. That on September 8, 2020, at the aforesaid location, the motor vehicle bearing Indiana State registration number T499908 came in contact with a motor vehicle bearing Delaware registration number PC152655.

43. That on September 8, 2020, at the aforesaid location, the motor vehicle bearing Indiana State registration number T499908 came in contact with a motor vehicle bearing Delaware registration number PC152655, in which Plaintiff KRYSTAL AUSTIN was seated.

44. That the aforesaid accident and injuries resulting were due solely and wholly as a result of the careless, reckless and negligent manner in which the defendants owned, operated, maintained, managed and controlled their motor vehicle without this plaintiff in any way contributing thereto.

45. That by reason of the foregoing and the negligence of the defendants, the Plaintiff, KRYSTAL AUSTIN, was severely injured, bruised and wounded, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

46. That by reason of the foregoing, the Plaintiff KRYSTAL AUSTIN, was compelled to and did necessarily require medical aid and attention, and did necessarily pay and become liable therefore for medicines and upon information and belief, the Plaintiff will necessarily incur similar expenses.

47. That by reason of the foregoing, the Plaintiff KRYSTAL AUSTIN, has been unable to attend to her usual occupation in the manner required.

48. That by reason of the wrongful, negligent and unlawful actions of the defendants, as aforesaid, the Plaintiff, KRYSTAL AUSTIN, sustained serious injuries as defined in Section 5102 (d) of the Insurance Law of the State of New York, and has sustained economic loss greater than basic economic loss as defined in Section 5102 of said Insurance Law.

49. That one or more of the exceptions of paragraph 1602 of the Civil Practice Law and Rules applies to the within action.

50. That as a result of the foregoing, the Plaintiff, KRYSTAL AUSTIN, sustained damages in an amount that exceeds the jurisdictional limits of the lower courts.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF DEVERELL ANTHONY AUSTIN

51. Plaintiff DEVERELL ANTHONY AUSTIN hereby repeats, reiterates, and re-alleges each and every allegation in paragraphs 1 through 50 with the same force and effect as if more fully and at length set forth herein.

52. That all times hereinafter mentioned, Plaintiff, DEVERELL ANTHONY AUSTIN, was a passenger in the aforesaid motor vehicle bearing Delaware State registration number PC152655.

53. That on September 8, 2020, at the aforesaid location, the motor vehicle bearing Indiana State registration number T499908 came in contact with a motor vehicle bearing Delaware registration number PC152655.

54. That on September 8, 2020, at the aforesaid location, the motor vehicle bearing Indiana State registration number T499908 came in contact with a motor vehicle bearing Delaware registration number PC152655, in which Plaintiff DEVERELL ANTHONY AUSTIN was legally seated.

55.     That the aforesaid accident and injuries resulting were due solely and wholly as a result of the careless, reckless and negligent manner in which the defendants owned, operated, maintained, managed and controlled their motor vehicle without this plaintiff in any way contributing thereto.

56.     That by reason of the foregoing and the negligence of the defendants, the Plaintiff, DEVERELL ANTHONY AUSTIN, was severely injured, bruised and wounded, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

57.     That by reason of the foregoing, the Plaintiff DEVERELL ANTHONY AUSTIN, was compelled to and did necessarily require medical aid and attention, and did necessarily pay and become liable therefore for medicines and upon information and belief, the Plaintiff will necessarily incur similar expenses.

58.     That by reason of the foregoing, the Plaintiff DEVERELL ANTHONY AUSTIN, has been unable to attend to her usual occupation in the manner required.

59.     That by reason of the wrongful, negligent and unlawful actions of the defendants, as aforesaid, the Plaintiff, DEVERELL ANTHONY AUSTIN, sustained serious injuries as defined in Section 5102 (d) of the Insurance Law of the State of New York, and has sustained economic loss greater than basic economic loss as defined in Section 5102 of said Insurance Law.

60.     That one or more of the exceptions of paragraph 1602 of the Civil Practice Law and Rules applies to the within action.

61.     That as a result of the foregoing, the Plaintiff, DEVERELL ANTHONY AUSTIN, sustained damages in an amount that exceeds the jurisdictional limits of the lower courts.

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF(s)

62. Plaintiff(s) hereby repeats, reiterates, and re-alleges each and every allegation in paragraphs 1 through 61 with the same force and effect as if more fully and at length set forth herein.

63. That defendant, NATIONAL FREIGHT, INC. was negligent, careless and reckless in hiring defendant, CALEB ROMANOWSKI.

64. That defendant, NATIONAL FREIGHT, INC. was negligent, careless and reckless in failing to properly train defendant, CALEB ROMANOWSKI, for the purposes of operating the subject vehicle.

65. That defendant, NATIONAL FREIGHT, INC. was negligent, careless and reckless in failing to hire and employ competently trained drivers for the purpose of operating the subject vehicle including defendant, CALEB ROMANOWSKI.

66. That defendant, NATIONAL FREIGHT, INC. was negligent, careless and reckless in failing to properly instruct and train defendant, CALEB ROMANOWSKI in the operation of the subject vehicle.

67. That defendant, NATIONAL FREIGHT, INC. was negligent, careless and reckless in failing to promulgate and to enforce sufficient rules and regulations for safety standards while defendant, CALEB ROMANOWSKI operated the subject vehicle.

68. That defendant, NATIONAL FREIGHT, INC. was negligent, careless and reckless in failing to properly supervise defendant, CALEB ROMANOWSKI.

69. That defendant, NATIONAL FREIGHT, INC. negligently and recklessly retaining defendant, CALEB ROMANOWSKI, as an employee.

70. That defendant, NATIONAL FREIGHT, INC. was negligent, careless and reckless in hiring defendant, CALEB ROMANOWSKI.

71. That defendant, NATIONAL FREIGHT, INC. was negligent, careless and reckless in failing to properly train defendant, CALEB ROMANOWSKI, for the purposes of operating the subject vehicle.

72. That defendant, NATIONAL FREIGHT, INC. was negligent, careless and reckless in failing to hire and employ competently trained drivers for the purpose of operating the subject vehicle including defendant, CALEB ROMANOWSKI.

73. That defendant, NATIONAL FREIGHT, INC. was negligent, careless and reckless in failing to properly instruct and train defendant, CALEB ROMANOWSKI in the operation of the subject vehicle.

74. That defendant, NATIONAL FREIGHT, INC. was negligent, careless and reckless in failing to promulgate and to enforce sufficient rules and regulations for safety standards while defendant, CALEB ROMANOWSKI operated the subject vehicle.

75. That defendant, NATIONAL FREIGHT, INC. was negligent, careless and reckless in failing to properly supervise defendant, CALEB ROMANOWSKI.

76. That defendant, NATIONAL FREIGHT, INC. negligently and recklessly retaining defendant, CALEB ROMANOWSKI, as an employee.

77. By reason of the foregoing, the Plaintiff was caused to suffer severe and serious personal injuries to mind and body, and further, that the Plaintiff was subjected to great physical pain and mental anguish.

78. That by reason of the foregoing, Plaintiff, was damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon trial of this action.

**WHEREFORE**, the plaintiff(s) demand judgment both compensatory and

exemplary against the defendants in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court; together with the costs and disbursements of each cause of action.

Dated: Elmhurst, NY
January 14, 2021

Yours, etc.
GAMBONE LAW GROUP PLLC
By: Adilya Gambone, Esq.
Attorney(s) for Plaintiff(s)
9131 QUEENS BLVD, SUITE 318
ELMHURST, NY 11373
T: 718 650 5111
F: 718 682 3155
agambone@gambonelawgroup.com

STATE OF NEW YORK )
COUNTY OF QUEENS )

The undersigned, affirms that the following statements are true under the penalties of perjury.

This SUMMONS AND COMPLAINT and the papers on which it is based, are certified pursuant to Section 130-1.1-a of the rules of the Chief Administrator (22NYCRR)

That deponent is the plaintiff in the within action; that deponent has read the foregoing SUMMONS AND COMPLAINT and knows the contents thereof; that same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes it to be true. The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows:

Personal knowledge, information and investigation on the file.

*Krystal Austin*

SWORN TO BEFORE ME THIS
18 DAY OF September 2020

Notary Public

ADILYA R GAMBONE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02GA6356422
Qualified In Kings County
My Commission Expires 08-04-2021

STATE OF NEW YORK)
COUNTY OF QUEENS)

The undersigned, affirms that the following statements are true under the penalties of perjury.

This SUMMONS AND COMPLAINT and the papers on which it is based, are certified pursuant to Section 130-1.1-a of the rules of the Chief Administrator (22NYCRR)

That deponent is the plaintiff in the within action; that deponent has read the foregoing SUMMONS AND COMPLAINT and knows the contents thereof; that same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes it to be true. The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows:

Personal knowledge, information and investigation on the file.

SWORN TO BEFORE ME THIS
17 DAY OF September, 2020

Notary Public

ADILYA R GAMBONE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02GA6355422
Qualified in Kings County
My Commission Expires 08-06-2021

Index No. 700948/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------X
KRYSTAL AUSTIN and DEVERELL ANTHONY AUSTIN,

Plaintiff (s),

-against-

NATIONAL FREIGHT, INC. and CALEB ROMANOWSKI,

Defendant (s),
-----------------------------------------------------------X

## SUMMONS and COMPLAINT

**GAMBONE LAW GROUP, PLLC**
*Attorneys for Plaintiff*
KRYSTAL AUSTIN and DEVERELL ANTHONY AUSTIN
9131 KINGS Blvd, Ste 318
Elmhurst, NY 11373
T: 718 650 5111
F: 718 682 3155
agambone@gambonelawgroup.com

Attorney(s) for

Service of a copy of the within    is hereby admitted
Dated:,

Attorney(s) for